**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JD Merrick, | No. CV-19-00474-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Miguel Ramos, et al., | |
| Defendants. | |

On May 24, 2021, this case was resolved after a judicial settlement conference before the Honorable Magistrate Judge Macdonald. On July 6, 2021. the Court granted the parties' Stipulation of Dismissal, incorporating the parties' settlement agreement. The Order of dismissal retain jurisdiction to enforce the parties' settlement agreement. On September 6, 2022, the Plaintiff filed a Motion to Reopen the case. The Defendant filed a Response on October 24, 2022. The Plaintiff filed a Reply on November 8, 2022.

The Defendants are correct that there is no jurisdictional basis to reopen this case because there is no violation of any express provision of the Settlement Agreement. (Response (Doc. 70) at 3-5.) The Court begins by recapping the case, wherein Plaintiff alleged violations under the Religious Land Use and Institutionalized Persons Act based on denials of his requests for a Torah Observant Messianic Jewish (TOMJ) calendar, which he alleged Defendants had been ordered to provide pursuant to a settlement agreement issued in an earlier case *Merrick v. Schriro*, CV 08-00209-TUC-AWT. He also alleged a First Amendment retaliation claim related to his refusal to settle another of his cases,

*Merrick v. Linderman*, CV 17-00014-TUC-DCB, wherein he complained about being denied kosher meals, religious visitations, and other religious observations.

The settlement agreement in this case reflects "full settlement and discharge of all claims which are or might have been the subject of the Complaint, upon the terms and conditions set forth [in it]." ((Response, Ex. 2: Settlement Agreement ¶ B (Doc. 70-2) at 12), *see also* ¶¶ D, F (same), § 1 (corresponding full release and discharge). In consideration, the Defendants agreed to pay Plaintiff $1500.00, *id.* § 2; to recognize him as a practitioner of Torah Observant Messianic Judaism, entitled to Common Fare (kosher) Meal, permitted to receive Common Fare Kosher-for-Passover Meal, *id.* § 2A, to provide access to baptismal twice annually to perform a Mikveh consistent with his TOMJ faith on Passover and Rosh Hashanah, *id.* § 2B, to provide access to matzah and grape drink or grape juice, *id.* § 2C, to allow pastoral visits, *id.* § 2E and to provide him a TOMJ calendar *id.* § 2F. Section 2.D is relevant to the Motion to Reopen the case. Therein, the Defendants agreed as follows:

> Plaintiff may utilize his tablet, subject to the terms of Department Order 720, Inmate Tablet Program, to download, access, or view TOMJ materials as available through the Inmate Tablet Program. This provision is subject to any space and storage requirements inherent to the tablet and subject to the availability of tablets and the Inmate Tablet Program.

*Id.* at 2.D.

According to the Plaintiff during the settlement negotiations Rabbi Tim Hegg from Torah Resource Institute was present and committed to donate thirteen books "(to start) to be uploaded to the Inmate Tablet Program (ITP)." Plaintiff's Motion to Reopen the case might be construed as alleging a violation of the spirit of the settlement agreement, if he alleged that the materials from the Torah Resource Institute were not available on his tablet. But, he admits that these 13 books have "finally," April 20, 2022, been uploaded to ITP. He complains about the 11-month delay and asserts that, ultimately, he had to threaten to file a lawsuit to get the work completed by Securus Technologies, the third-party contractor responsible for uploading materials for ITP.

The Plaintiff alleges that the settlement agreement has been violated because two entities, Tikkun Ministries, Int'l and congregation Beth Sar Shalom have tried but been unable to donate religious materials to be uploaded to the ITP and downloaded on his tablet, and no one has uploaded the "Johannine Commentary" on to his tablet. Apparently, these complaints have been the subject of a prison grievance and a new case, CV 22-156-TUC-JGZ, Count III, which reflects allegations related to Tikkun Ministries and Johannine Commentary. In his Reply, Plaintiff admits that the Johannine Commentary was finally uploaded on April 22, 2022, three full weeks after he filed the lawsuit. (Reply (Doc. 71) at 3.) That leaves the Tikkun Ministries, Jews for Jesus, and Beth Sar Shalum materials pending addition to ITP.

The Motion to Reopen this case reflects that the Plaintiff believes the settlement agreement requires Defendants, now and in the future, to upload religious materials to ITP so he may download them to his tablet, and he actively recruits such contributions on an ongoing basis. On March 9, 2022, in response to the above grievance received February 15, 2022, he was told that "Department Order 720.2.2.7 indicates that applications of religious publications and materials shall be offered via delivery of the inmate table system. However, it does not dictate or specify which applications will be offered. Per Securus, all of the content requested in the lawsuit was uploaded to the Viewer App. In addition, a new App was installed called the FYI App, which will also contain some other content request per the lawsuit. Any additional requests will have to be submitted through Central Office for review and approval." (Motion (Doc. 68) at 24.) This response was revised on April 22, 2022, in pertinent part as follows: "If you have religious sources who wish to submit additional digital materials to be made available they must contact the director of Chaplaincy Services in order to request a review of the materials. All approved submissions will be forwarded to Securus/Jpay for upload into the application, provided they meet the size limitations." *Id.* at 2 (emphasis added).

The Director of Chaplaincy Services is Dr. Kenneth Herman, Chaplain, who is a defendant in this case. He provides an affidavit explaining that "the [ITP] policy

- 3 -

contemplates a two-step process for inmates wanting to have religious content uploaded on to their tablet. First, the publication is provided to the ADCRR [Arizona Department of Corrections Rehabilitation and Reentry] and its Office of Publications Review (OPR) reviews it to determine whether it should be allowed to be downloaded on to inmate's tablet based on security and other operational factors. Department Order 914.08 sets forth the publication review process. Second, assuming the materials are approved by the OPR after its review, they are provided to a third-party contractor [Securus], which is responsible for the physical process of uploading the publications(s) on to the inmate's tablet." (Response, Ex. A: Herman Affidavit ¶ 7 (Doc. 70-1) at 3.) He attests that normally he is not involved in uploading or downloading the religious materials, and he was not involved with the materials at issue in the Motion to Reopen the case until around February 2022. After Plaintiff filed the recent law suit, CV 22-156-TUC-JGZ, he became aware the Plaintiff was complaining about difficulties getting all the religious materials that he requested downloaded. "[I]t was around that time that [he] took on the responsibility for being the point of contact for Merrick and the publishers wanting to donate religious materials to be downloaded on to his tablet." *Id.* ¶10.

Apparently, Plaintiff objected to Defendant Herman being his point of contact, and it does not seem to have facilitated communications between Securus and the Plaintiff. Defendant Herman attests he has searched his email and found no communications from Tikkun or Jews for Jesus relating to Inmate Merrick. *Id.* ¶ 12. He has contacted Robert Dickey from congregation Beth Sar Shalom, emailed him on October 10, 2022, to advise him that videos were reviewed for content and approved but they do not meet the size and formatting requirements, and sent instructions about proper formatting but has not received a response from Mr. Dickey. *Id.* Mr. Dickey provided an affidavit dated October 18, 2022, attesting that he has attempted to reach Chaplain Herman by email for "about 8 months" to no avail. (Reply, Dickey Affidavit (Doc. 71-1)).

The Court finds that the provision in the settlement agreement related to Plaintiff's use of his tablet does not reach the materials that are the subject of his Motion to Reopen

- 4 -

the case. The settlement agreement, section 2.D, does not provide for Plaintiff to assume any special role now or in the future related to uploading or downloading religious materials for publication via ITP. Nor is the settlement agreement a basis to treat the Plaintiff differently from any other inmate wanting to have religious content uploaded on to their tablet. The religious materials discussed at the settlement conference have admittedly been uploaded to ITP and downloaded by Plaintiff on his tablet. Subsequent conduct is not covered by the settlement agreement but is of course subject to constitutional scrutiny and, as he has done in CV 22-156-TUC-JGZ, Plaintiff may seek relief.

"'Without a violation of the court's order, there is no jurisdiction.'" (Response (Doc. 70) at 4 (quoting *O'Connor v. Colvin,* 70 F.3d 530, 532 (9th Cir. 1995)).

**Accordingly,**

**IT IS ORDERED** that the Motion to Reopen (Doc. 68) is DENIED.

Dated this 21st day of December, 2022.

Honorable David C. Bury
United States District Judge